**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-2288**

LATORY SHANON MIDDLETON,

               Plaintiff – Appellant,

     v.

JOHN EMERSON; KASSI B. SANDIFER,

               Defendants - Appellees.

Appeal from the United States District Court for the District of South Carolina, at Charleston.  David C. Norton, District Judge. (2:11-cv-02535-DCN)

Submitted:  March 15, 2012        Decided:  March 19, 2012

Before DUNCAN and FLOYD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Latory Shanon Middleton, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Latory Shanon Middleton filed a document in the district court that she captioned "Notice of Removal," but that otherwise appeared to be a complaint alleging employment discrimination in violation of federal law. The document named two individuals as defendants. The magistrate judge, noting that Middleton was a plaintiff in a pending state proceeding, correctly pointed out that under the applicable federal statutes, a plaintiff may not remove a proceeding to federal court. 28 U.S.C. §§ 1441(a), 1446(a) (2006). The magistrate judge then observed that, construing Middleton's filing as a complaint of employment discrimination under federal law, the filing failed to demonstrate exhaustion of administrative remedies or to name Middleton's employer as defendant. The magistrate judge therefore recommended dismissing the complaint without prejudice.

Middleton, informed of the need to file objections to the magistrate judge's report, made a timely filing which, although fairly general, did provide some evidence that she may have exhausted administrative remedies. The district court, after a de novo review, adopted the report of the magistrate judge and dismissed the complaint without prejudice. Middleton seeks to appeal.

Because the deficiencies in the complaint identified by the magistrate judge could be remedied by the filing of an amended complaint, we conclude that the district court's order is neither a final order nor an appealable interlocutory or collateral order. See Domino Sugar Corp. v. Sugar Workers Local Union 392, 10 F.3d 1064, 1066-67 (4th Cir. 1993). Accordingly, we dismiss the appeal for lack of jurisdiction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED